IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:24-CR-274 |
| | ) |
| DONALD SMITH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court are Defendant Donald Smith's motion for discovery (ECF 54), motion to dismiss (ECF 55), and reply to the government's omnibus response (ECF 66), as well as the government's omnibus response to Mr. Smith's motions (ECF 57) and surreply to Mr. Smith's reply (ECF 67). After considering the parties' arguments, the Court denies Mr. Smith's motion for discovery (ECF 54) and motion to dismiss (ECF 55) for the reasons below.

### I.   Mr. Smith's Motion for Discovery.

The Court denies Mr. Smith's motion for discovery (ECF 54) as moot, because the discovery he seeks is governed by *Brady*, *Giglio*, and the Jencks Act, and the Court already ordered production of these materials in its amended pretrial order at ECF 81.

### II.  Mr. Smith's Motion to Dismiss.

The Court also denies Mr. Smith's motion to dismiss the indictment (ECF 55).

First, the Court denies Mr. Smith's motion to dismiss at ECF 55 because in it he raises factual disputes that must be resolved at trial. For example, he argues that the Defense Logistics Agency never alleged fraud in their communications with Mr. Smith, and he never "willfully participate[d] in any fraud." ECF 55, p. 3. These arguments allege that the government failed to present sufficient facts as to the charges in the indictment, and go to the sufficiency of the evidence, which must be resolved at trial. *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("[A] pretrial motion to

dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.")

Second, in his reply to the government's omnibus response at ECF 57, Mr. Smith raised a new argument: that he entered into a settlement agreement with the U.S. Attorney's Office in the Northern District of Iowa in January and February 2023 that precludes his prosecution for wire fraud in the Western District of Pennsylvania. ECF 66. After reviewing the Agreement, the Court reads the Agreement as pertaining to Mr. Smith's conduct between 2009 and 2017, not the offense conduct in the indictment in this case, which occurred *after* 2017. ECF 66-2. Further, the Agreement appears to relate only to the forfeiture matters listed in the Agreement.

That said, the Court also finds that the Agreement is not a model of clarity. The relevant provision reads: "In exchange for this consideration, the United States agrees to bring no additional action, either civil or criminal against the claimant to enforce the action." The Agreement does not define "action," nor does it reference a case number or explicitly state the relevant timeframe and factual allegations covered by the Agreement. As such, while the Court denies the motion because the Agreement does not provide grounds for dismissal, the Court finds there is sufficient ambiguity as to the scope and meaning of "action" for Mr. Smith to potentially raise this "defense" with the factfinder at trial. *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994) ("A contract provision is ambiguous if it is susceptible of two reasonable alternative interpretations. Where the written terms of the contract are not ambiguous and can only be read one way, the court will interpret the contract as a matter of law. If the contract is determined to be ambiguous, then the interpretation of the contract is left to the factfinder, to resolve the ambiguity in light of extrinsic evidence") (cleaned up).

*   *   *

-3-

**AND NOW**, this 20th day of January, 2026, it is hereby **ORDERED** that Mr. Smith's motion for discovery (ECF 54) is **DENIED** and motion to dismiss (ECF 55) is **DENIED**.

BY THE COURT:

<u>/s/ *J. Nicholas Ranjan*</u>
United States District Judge