IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:24-CR-274 |
| | ) |
| DONALD SMITH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant Donald Smith's motion *in limine* to preclude "debarment evidence" and communications with the Defense Logistics Agency (DLA). ECF 90. It specifically requests exclusion of Exhibits 107–118, and 224–225, and related trial testimony.

On careful review, the Court **DENIES** the motion.

### BACKGROUND

The government has charged Mr. Smith with eight counts of wire fraud, in violation of 18 U.S.C. § 1343, and five counts of willfully failing to file tax returns, in violation of 26 U.S.C. § 7203. The government alleges that Mr. Smith—directly and through third parties—agreed to provide DLA with products from approved sources and to match required specifications. However, as the government alleges, the products Mr. Smith provided were neither from approved sources nor matched the required specifications—and he falsely billed as if the products conformed to DLA's requirements.

The "debarment evidence" (Exhibits 107–118) relates to Mr. Smith and his associates being "debarred" from government contracting because of similar schemes—*i.e.*, Mr. Smith and his associates falsely billing as if products they provided to DLA were from approved sources and matched required specifications when the products, in fact, did not. The term "debarment" essentially means that individuals or business entities are prohibited from government contracts because they have engaged in repeated or egregious conduct in violation of their contractual duties. The government

seeks to admit this evidence to show intent and that Mr. Smith, and his associates knew about DLA contracting requirements.

The DLA communications evidence (Exhibits 224–225) relates to Mr. Smith's correspondence with DLA after his debarment. At the time, Mr. Smith was represented by counsel, but he sent letters directly to DLA on his own behalf. Like the debarment evidence, the government seeks to admit this evidence to show intent and that Mr. Smith and his associates knew about DLA contracting requirements.

Mr. Smith seeks to exclude both categories of evidence.

## DISCUSSION & ANALYSIS

### I.   The debarment evidence is admissible under Rule 404(b).

Mr. Smith argues that the debarment evidence outlined above is irrelevant and, otherwise, prejudicial and confusing to the jury. The Court disagrees. This is all permissible Rule 404(b) other-acts evidence; it goes to questions of intent and an explanation as to the means of the scheme; and it is otherwise not unduly prejudicial, when weighed against its relevance.

To determine the admissibility of other-acts Rule 404(b) evidence, the Court must apply the *Huddleston* four-part test, finding that (1) the evidence has a proper purpose under Rule 404(b); (2) the evidence is relevant under Rule 402; and (3) the evidence's probative value outweighs its prejudicial effect under Rule 403; and (4) a limiting instruction can direct the jury to consider the evidence for its narrow purpose. *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988). Here, all four steps are met.

**Step one**: The government sufficiently identified a non-propensity purpose: knowledge of DLA contracting requirements and notice of the debarment process. Fed. R. Evid. 404(b)(2); *United States v. Repak*, 852 F.3d 230, 242 (3d Cir. 2017).

**Step two**: The evidence is relevant because it addresses material issues in the case. That is, as the government persuasively argues, this evidence shows that Mr.

Smith knew of DLA contracting requirements, so it cuts off his likely defense that his failure to comply with the contracts at issue were unintentional errors. It also explains the means of the scheme—Mr. Smith had to use third-party entities to get around his debarment. All of this is highly relevant. Fed. R. Evid. 401; *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017); *see also United States v. Console*, 13 F.3d 641 (3d Cir. 1993) (upholding the admission of other-acts evidence against two lawyers who conspired with a doctor to submit fraudulent medical bills to insurance schemes, and the other-acts evidence showed that the lawyers engaged in a similar scheme with doctors other that the doctor charged in the indictment).

**Step three**: The evidence does not give rise to unfair prejudice that is substantially outweighed by its probative value. Fed. R. Evid. 403. At step three, the Court must closely examine how the government will "concretely connect" the proffered evidence to a non-propensity purpose. *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017) (cleaned up). "This chain must be articulated with careful precision because, even when a non-propensity purpose is at issue in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way. *United States v. Caldwell*, 760 F.3d 267, 281 (3d Cir. 2014) (cleaned up). The government sufficiently connected the non-propensity purpose—intent, knowledge, and notice—with the proffered evidence.

The probative value is clear, as noted above. The Court can discern no real undue prejudice with this evidence. At most, it could lead to some minor jury confusion—but that can easily be remedied through limiting instructions. *See, e.g., United States v. Console*, 13 F.3d 641, 659–60 (3d Cir. 1993) (upholding district court's ruling that evidence of defendant's scheme with individuals not charged in the indictment was admissible Rule 404(b) evidence; that is, the evidence was not confusing to the jury).

**Step four**: The Court can easily and will instruct the jury to consider the evidence only for the limited purpose for which it is admitted.

Exhibits 107–118 and related testimony is therefore admissible for the limited purpose of knowledge and notice, and evidence related to the scheme.

## II. The Court will hold in abeyance its ruling on the DLA correspondence evidence.

The government has asked the Court to reserve ruling on Exhibits 224 and 225. ECF 93. The Court will hold its ruling in abeyance and will discuss these exhibits with the parties at the final pre-trial conference.

*   *   *

**AND NOW**, this 27th day of February, 2026, it is hereby **ORDERED** that Mr. Smith's motion *in limine* (ECF 54) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge