**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:24-CR-274 |
| | ) | |
| DONALD SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL JURY INSTRUCTIONS**

**I.    Role of Jury.**

Members of the jury, you have seen and heard all the evidence.  Now I will instruct you on the law.  You will have a copy of my instructions, along with copies of the trial exhibits, with you in the jury room during your deliberations.  So, to the extent that you take notes, know that you'll have these instructions and there is no need for you to try to write down everything I say.  I also want to remind you that the PowerPoint instructions are merely a visual aid and are not the instructions.  You must follow the instructions as I am speaking them, not as you see on the PowerPoint.  And if you believe there is a discrepancy between what I am saying and what is in the PowerPoint, you must ignore the PowerPoint and follow these oral instructions.  Again, you will receive a copy of my oral instructions in the jury room, but you will not have a copy of the PowerPoint.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You

must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media to do so either.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

## II.    Nature of the Indictment.

As you know, Mr. Smith is charged in the indictment with violating federal

- 2 -

law.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime the Defendant is accused of committing.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Smith has been indicted in making your decision in this case.  The operative or applicable indictment in this case is the "superseding indictment," which just means that the original indictment was amended.  I will use the term "indictment" and "superseding indictment" interchangeably.  You will receive a copy of the Superseding Indictment when you deliberate.

## III.   Dates in the Indictment.

The Superseding Indictment charges that the scheme to defraud at counts one (1) through counts eight (8) occurred "in and around" a certain date to "on or about" a certain date.  Counts 1 through 8 also allege that the wire fraud communications occurred "on or about" certain dates.  The Superseding Indictment also charges that the willful failure to file tax returns at counts nine (9) through thirteen (13) were committed "on or about" certain dates.  The government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## IV.   Indictment in the Conjunctive; Statute and Required Proof in the Disjunctive.

I want to instruct you regarding the meaning of the word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms of action in what lawyers call "the

disjunctive," that is, separated by the word "or." For example, the federal wire fraud statute, 18 U.S.C. § 1343, makes it illegal to commit fraud by false or fraudulent pretenses, representations, or promises.  This statute prohibits three different types of activity: (1) false or fraudulent pretenses, (2) false or fraudulent representations, and (3) false or fraudulent promises.  All three of these types of information are separated by the word "or" in the statute.

Yet, it is permissible for the government to charge wire fraud by means of false and fraudulent pretenses, representations, and promises and separate them with the word "and."  This, however, does not mean that the government must prove that the Defendant violated the wire fraud statute in all three ways.  If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.  Thus, for example, if the evidence proves that the Defendant committed wire fraud by false or fraudulent promises, it is irrelevant whether or not he also did so by false or fraudulent pretenses.

## V.    Presumption of Innocence; Burden of Proof; Reasonable Doubt.

The Defendant pleaded not guilty to the offenses charged.  He is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the Defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that he is guilty of the offense charged beyond a reasonable doubt.  The presumption of innocence requires that you find the Defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the Defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden

or obligation of proof is on the government to prove that the Defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the Defendant guilty of any of the offenses charged, the government must convince you that the Defendant is guilty beyond a reasonable doubt. That means, for each offense charged, that the government must prove every element of the offense beyond a reasonable doubt. The Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government proved beyond a reasonable doubt each and every element of one or more of the offenses charged, you should return a verdict of guilty for that offense or offenses. However, if you have a reasonable doubt about one or more of the elements of an offense charged, then you must return a verdict of not guilty for that offense.

## VI.    Evidence.

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that

you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

- 6 -

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**VII.    Direct and Circumstantial Evidence.**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial, or indirect, evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw

based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

## VIII.  Credibility of Witnesses.

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any

motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the

number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

## IX.    Separate Consideration – Single Defendant Charged with Multiple Offenses.

Mr. Smith is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

## X.    Elements of the Offenses Charged.

I will now provide you with detailed instructions on the offenses charged in this case.  Please listen carefully, as these instructions are more detailed than the instructions I provided at the beginning of the trial.

## XI.    The Charge: Wire Fraud.

Counts One through Eight of the Superseding Indictment charge the Defendant with wire fraud, in violation of 18 U.S.C. § 1343.

In order to find the Defendant guilty of any of those offenses, you must find that the government proved each of the following three elements beyond a reasonable

doubt as to that offense:

First, the Defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises, or knowingly and intentionally participated in such a scheme with knowledge of its fraudulent nature;

Second, that the Defendant acted with the intent to defraud; and

Third, that in advancing, furthering, or carrying out the scheme, the Defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate commerce any writings, signs, signals, pictures, or sounds.

## XII.    Wire Fraud – A Scheme to Defraud or to Obtain Money or Property.

The first element that the government must prove beyond a reasonable doubt with respect to the wire fraud offenses is that the Defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the Superseding Indictment alleges that the scheme to defraud

was carried out by making false or fraudulent statements. The statements which the government charges were made as part of the scheme to defraud include promises to provide products to DLA that were from approved sources and matched required specifications and the submission of false billings that sought payment as if the correct product was provided. The government is not required to prove every misrepresentation alleged. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the Defendant unless all of you agree as to at least one of the material misrepresentations.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  For example, a customer may believe that a material fact with respect to whether to pay for a given product is whether the product is what it is represented to be.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, it is not necessary that the government prove that the Defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss.

In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the Defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the overall scheme to defraud charged in the indictment did exist and that the Defendant knowingly devised or participated in the overall scheme charged in the indictment, you should then consider the second element.

## XIII.  Wire Fraud – Intent to Defraud.

The second element that the government must prove beyond a reasonable doubt with respect to the wire fraud offenses is that the Defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether the Defendant acted with an intent to defraud, you may

consider, among other things, whether the Defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

## XIV.  Intent – Proof of Required State of Mind.

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the Defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the Defendant's state of mind at a particular time, you may consider evidence about what the Defendant said, what Defendant did and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the Defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results or consequences. You may find, but you are not required to find, that the Defendant knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in the Defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the Defendant did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts in this case.

## XV.  State of Mind – Knowingly.

- 15 -

The wire fraud offense charged in the Superseding Indictment require that the government prove that the Defendant acted "knowingly" with respect to an element of the offense. A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the Defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the Defendant acted "knowingly," you may consider evidence about what the Defendant said, what the Defendant did and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time.

With respect to the wire fraud counts, the government is not required to prove that the Defendant knew his acts were against the law.

## XVI.  Wire Fraud – Transmission by Wire in Interstate Commerce Defined.

The third element that the government must prove beyond a reasonable doubt with respect to the wire fraud offenses is that in advancing, furthering, or carrying out the scheme, the Defendant transmitted or caused to be transmitted by means of a wire, radio, or television communication in interstate commerce any writings, signs, signals, pictures, or sounds.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of wire, radio, or television communication. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from

one state to another, such as by email.

The government is not required to prove that the Defendant actually used a wire communication in interstate commerce or that the Defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that the Defendant used wire, radio, or television communication in interstate commerce, or that the Defendant knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that the Defendant should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or a thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**XVII. Wire Fraud – Each Transmission by Wire Communication a Separate**

**Offense.**

Each transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan may be a separate violation of the wire fraud statute.

**XVIII.        Evidence of the Defendant's Prior Debarments.**

You have heard testimony that the Defendant was debarred by the Defense Logistics Agency through a civil, administrative process on two occasions prior to 2019.  This evidence of debarments was admitted only for limited purposes.  You may consider this evidence only for the purposes of deciding whether the Defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment; had a motive or the opportunity to commit the acts charged in the indictment; and did not commit the acts for which the defendant is on trial by accident or mistake.  Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.  The Defendant is not on trial for the debarments, and being debarred by DLA is not a finding of criminal fraud.  You may not consider the evidence of these debarments as a substitute for proof that the Defendant committed the crimes charged in this case.  You may not consider this evidence as proof that the Defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the Defendant may have previously been debarred, that he must also have committed the acts charged in the indictment.

Remember that the Defendant is on trial here only for willfully failing to file

tax returns and for wire fraud based on a scheme to defraud from approximately April 2019 through October 2024, not for the prior debarments. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## XIX.    The Charge: Willful Failure to File Tax Returns.

Counts Nine through Thirteen of the Superseding Indictment charge the Defendant with willfully failing to file tax returns on behalf of Smith and Jamison in the years 2019 through 2023.

In order to find the Defendant guilty of any of those offenses, you must find that the government proved each of the following three elements beyond a reasonable doubt as to that offense:

First, that the Defendant was required to file an income tax return;

Second, that the Defendant did not file a tax return at or before the time required by law or regulation;

Third, that the Defendant's failure to file was willful.

## XX.    Filing Requirements – Corporations.

The owners of any corporation that is located in the United States must file an income tax return on behalf of that corporation in each year, regardless of whether the corporation had income for that year, unless the corporation is expressly exempted from taxation. Corporations that are exempt from taxation must file information returns each year, reporting their income and expenses, unless they meet one of the following criteria:

1. They are a church, a church's integrated auxiliary, or a convention or association of churches;

- 19 -

2. They deal exclusively with religious activities of a religious order; or

3. Their gross receipts in each taxable year are normally not more than $5,000, and they are a religious organization, an educational organization, a charitable organization, a non-profit operated, supervised, or controlled by or in connection with a religious organization, a fraternal beneficiary society that provides for the payment of benefits to members of the society, or it was organized under Act of Congress and is wholly owned by the United States.

## XXI.  Due Date for Corporate Income Tax Returns.

Corporate income tax returns are due on or before April 15 of the year following the tax year to which the return applies. If April 15 falls on a Saturday, Sunday, or holiday, the due date does not occur until the next day that is not a Saturday, Sunday, or holiday.

Because of the pandemic, tax year 2019 corporate income tax returns were not due until July 15, 2020.

## XXII.  Willfully.

To prove that the Defendant acted willfully with respect to the charged tax offenses, you must find beyond a reasonable doubt that the Defendant knew his conduct was unlawful and that he intended to do something that the law forbids. That is, to find that the Defendant acted willfully, you must find that the evidence proved beyond a reasonable doubt that he acted with a purpose to disobey or disregard the law. The government need not, however, prove that the Defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law. The government also does not have to prove that the Defendant knew of the specific statute prohibiting his conduct.

**XXIII.    Stipulation of Facts.**

The parties have agreed that certain facts are true as part of the stipulations that have been read to you during trial.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

**XXIV. Summaries.**

The parties presented certain charts and summaries in order to help explain the facts disclosed by the documents which were admitted as evidence in the case. Specifically, Exhibits 95–106 summarize records.   The underlying records have also been admitted into evidence.  If the summaries do not correctly reflect the underlying documents, you should disregard them and determine the facts from the underlying evidence.

Additionally, other charts and summaries were admitted as evidence, but the underlying documents were not.  Specifically, Exhibits 194–196 summarize such records.  You may use those summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

**XXV.  Defendant's Choice not to Testify or Present Evidence.**

Mr. Smith did not testify or present evidence in this case.  A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Mr. Smith did not testify.  You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Smith did not testify.  Do not

discuss that fact during your deliberations or let it influence your decision in any way.

***

### ***At this time, counsel will give their closing arguments.***

Under the Rules of Criminal Procedure, the government will argue first, then the defense will present its closing argument, and finally the government may, if it chooses, argue in response or in rebuttal to the defense's argument.

Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. Remember, what is said in closing arguments is not evidence. You have already heard and seen all the evidence in this case. That said, this is an opportunity for the attorneys to summarize the evidence in light of the instructions I have just given you, and many jurors in prior trials have found that taking notes during the attorneys' closing arguments may be helpful.

After the lawyers present their closing arguments, I will give you a few final instructions about your deliberations. Although the lawyers may mention points of law in their closing arguments, the law that you must follow in reaching your verdict is the law that I have just given you in my final instructions. If there is any difference between what the lawyers say about the law and what I tell you in my final instructions, you must follow my instructions.

*Post-Closing* **Final Instructions**

## I.    Instructions on Deliberations.

As my final instructions, I would like to explain some things about your deliberations in the jury room, and your possible verdict.

**First**: You will need to choose someone to be your foreperson before you start deliberating.  This person will speak for the jury here in court, if that becomes necessary.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

**Second**:  I want to remind you that your verdict, whether guilty or not guilty, must be unanimous.  To find the Defendant guilty, every one of you must agree that the prosecution has overcome the presumption of innocence with evidence that proves each element of an offense beyond a reasonable doubt.  To find the Defendant not guilty for an offense, every one of you must agree that the prosecution has failed to convince you beyond a reasonable doubt as to that offense.

**Third**:  If you decide that the prosecution has proved the Defendant guilty for an offense, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

**Fourth**:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

**Fifth**:  Now that all the evidence is in, the arguments are completed, and once

- 23 -

I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt for any of the offenses.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you decided to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

**Sixth**: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a cell phone, internet, or social media, to

communicate to anyone any information about this case or to conduct any research about this case. In fact, you may not have any such device with you during deliberations. My Courtroom Deputy will keep them secure while you are deliberating.

**Seventh**: If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the Courtroom Deputy. The Courtroom Deputy will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

In the jury room, you will have a binder of the exhibits that were admitted into evidence. You will also have a laptop, in which you can view electronic copies of all of the exhibits, including the Excel version of any spreadsheets. That laptop has nothing on it and cannot connect to the internet, and please do not attempt to try to access the internet with it. You will also be given certain physical evidence that you have seen during this trial. You are to place no greater weight on this evidence merely because it is physical evidence as opposed to documentary evidence or evidence of some other sort. You should give each piece of evidence the weight it deserves.

One more thing about messages. Never write down as part of your notes to me or tell anyone outside of the jury deliberation room how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

**Eighth**. A verdict form has been prepared that you should use to record your

verdict as to the Defendant. You will have this form with you during deliberations, because you need it to deliver your verdict. When you have reached your unanimous verdict, you all must sign the form, place it in the envelope that I will provide, and summon my courtroom deputy.

**\*\*\*ADMINISTER OATH TO COURT STAFF\*\*\***

At this time, Juror Nos. 1 through 12 shall proceed to the jury room to begin their juror deliberations. Juror Nos. 13 and 14: as alternate jurors, you will not be deliberating at this time, but you are not yet excused. There remains a chance that one of the regular seated jurors must be excused, and then one of you must take their place. The instructions I have given you and the oath you have taken continue to apply to you. This includes my instructions to you to not discuss this case or conduct any research about it. I emphasize: do not speak at all with any of the parties, the witnesses, or the attorneys. Do not permit anyone to discuss the case with you. Do not even remain in the presence of anyone discussing the case. If anyone approaches you and tries to talk to you about the case, please report that to me, through my courtroom deputy, immediately.

My courtroom deputy will provide you instructions as to where and how to report each day. Even if you end up not being seated as a regular juror, I will invite you to be present when the verdict is announced, and also invite you to speak with me, along with all the jurors, at the conclusion of the trial.