**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | 2:24-CR-274 |
| | ) | |
| DONALD SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

A jury found Donald Smith guilty of eight counts of wire fraud and five counts of willful failure to file tax returns on March 17, 2026.  ECF 117.  Specifically, the jury found that Mr. Smith knowingly and intentionally provided the wrong products to the Defense Logistics Agency and failed to file taxes on behalf of his company for several years.

Mr. Smith now challenges the jury's verdict on the eight counts of wire fraud (ECF 118).  He doesn't challenge the jury's verdict on the five counts of tax fraud. After carefully reviewing Mr. Smith's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 (ECF 118) and the government's response (ECF 120), the Court denies Mr. Smith's Rule 29 motion (ECF 118) for the reasons below.

## DISCUSSION & ANALYSIS

### I.    Standard of review.

Under Rule 29(a), "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A "Rule 29 judgment of acquittal is a substantive judicial determination that the prosecution has failed to carry its burden."  *Smith v. Massachusetts*, 543 U.S. 462, 468 (2005) (cleaned up).  A defendant "challenging the sufficiency of the evidence

pursuant to Rule 29 bears a heavy burden." *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (cleaned up).  The Court must view the evidence in the light most favorable to the government and afford deference to a jury's findings, and draw "all reasonable inferences in favor of the jury verdict."  *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010) (cleaned up).

"A trial judge can grant a motion for judgment of acquittal only when the evidence as a whole is insufficient to support a conviction as a matter of law. However, where there is evidence upon which a jury may reasonably base and find guilt beyond a reasonable doubt, the trial judge cannot intrude on the function of the jury as the trier of fact.  The evidence need not be of such overwhelming magnitude that the jury must inevitably find guilt beyond a reasonable doubt; there need only be sufficient, legal evidence which when viewed in a light most favorable to the government, a jury can reasonably and in good faith make a finding of guilt beyond a reasonable doubt."  *United States v. Cerilli*, 418 F. Supp. 557, 565 (W.D. Pa. 1976) (Rosenberg, J.) (cleaned up).

Mr. Smith moved for judgment of acquittal after the government closed its case in chief, and the Court reserved ruling on it.  Mr. Smith then timely renewed his motion for judgment of acquittal under Rule 29(c).  ECF 118.  Mr. Smith advances two arguments in his motion: (1) the government failed to prove that he acted with the specific intent to defraud; and (2) the alleged misrepresentations were immaterial.  *Id.* at 3–4.  The Court considers each, in turn.

## II. The government presented sufficient evidence to the jury to demonstrate that Mr. Smith acted with the intent to defraud.

Mr. Smith argues that the government didn't prove that he acted with specific intent to defraud.  ECF 118.  The Court disagrees.  The government presented extensive evidence at trial, including emails, text messages, and witness testimony, to show that Mr. Smith had the specific intent to defraud.

To prove the wire fraud counts, the government had to show that Mr. Smith (1) knowingly and willfully participated in a scheme or artifice to defraud; (2) acted with the specific intent to defraud; and (3) used interstate wire communications in furtherance of the scheme to defraud. *United States v. Scarfo*, 41 F.4th 136, 198 (3d Cir. 2022). Mr. Smith doesn't challenge the first and third elements, so the Court will only focus on the second element—whether Mr. Smith had the specific intent to defraud the government. ECF 118 at 2–4.

The government doesn't need a smoking gun to prove intent. A jury "may infer a defendant's intent to defraud from circumstantial evidence." *United States v. Abrams*, 165 F.4th 784, 803 (3d Cir. 2026) (cleaned up). The Court may not disturb a jury's determination of intent "unless the record is entirely devoid of evidence from which fraudulent intent could be inferred." *Id.* at 804 (cleaned up). The record here isn't devoid of evidence showing that Mr. Smith intended to provide incorrect products to DLA.

At trial, the government presented ample evidence on which a reasonable jury could find that Mr. Smith intentionally provided nonconforming products to DLA. For example, the government showed that Mr. Smith repeatedly directed Rena Turner to bid as if she were obtaining a product from one source, then instructed her to obtain the product from a different source; directed Ms. Turner to buy something that he knew didn't match the required specifications; and avoided origin inspections so the nonconformity of the product wasn't apparent until after DLA paid him. The exhibits the government entered into evidence showing the above include:

- Government Exhibit 7: Text messages in which Mr. Smith responds to Ms. Turner's bid for McMaster-Carr products stating that they can get the same product elsewhere much cheaper;
- Government Exhibit 10: Text messages where Mr. Smith tells Ms. Turner not to bid when the bid included an origin inspection;

- Government Exhibit 12: Text messages where Mr. Smith directs Ms. Turner to get McMaster-Carr to quote her on stop watches, then tells her to order the stop watches from www.sci-supply.com;
- Government Exhibit 15: Text messages where Mr. Smith tells Ms. Turner to lie about the number of employees she has;
- Government Exhibit 32: Product Quality Deficiency Report ("PQDR") issued by DLA showing that the product they received from Gold Peak Industries ("Gold Peak") is not the product that DLA solicited;
- Government Exhibit 38: Visual Inspection Failure Report issued by DLA showing that the item DLA received from Gold Peak does not match the drawing of the product DLA solicited;
- Government Exhibit 140: Submitted Quote Summary where Mr. Smith misrepresents that his business is a service-disabled veteran-owned small business;
- Government Exhibit 196: Summary of Smith and Jamison contracts showing bids for space heaters from McMaster-Carr; and
- Government Exhibit 223: Amazon Selected Records showing that Mr. Smith obtaining space heaters several times from Amazon instead of McMaster-Carr.

Mr. Smith also argues that the government drafted contracts with remedy procedures in place for when the conformity of the goods was disputed, and his contract breach shouldn't have been tried as criminal intent. ECF 118. But that's a red herring. The government didn't have to prove the absence of civil remedies to show that Mr. Smith committed wire fraud in the criminal sense. *See Kousisis v. United States*, 605 U.S. 114, 119, 135 (2025) (holding that defendant committed wire fraud, and was thereby subject to criminal liability, by making a material misrepresentation to PennDOT, even where the agreement between defendant and PennDOT provided for a contract-like civil remedy (*i.e.*, a "a material breach" could "result in [contract] termination")).

Considering all this, a reasonable juror could have found that Mr. Smith acted with the intent to defraud.

III. **The government presented sufficient evidence to prove to the jury that the misrepresentations involved in the scheme were material.**

Next, Mr. Smith argues that the government didn't prove that the misrepresentations he made to DLA were material (ECF 118). The Court disagrees.

The government presented sufficient evidence to show that the misrepresentations were material.

A misrepresentation is material when it has a "natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Riley*, 621 F.3d 312, 332 (3d Cir. 2010) (cleaned up). Materiality requires evidence that "the false statements were of a type capable of influencing a reasonable decisionmaker." *United States v. Johnson*, 19 F.4th 248, 257 (3d Cir. 2021) (cleaned up). Actual reliance is not necessary; the question is whether the misrepresentation "was capable of influencing the governmental decisionmaking body at issue." *Id.* at 256 (cleaned up).

The government provided sufficient evidence that DLA would not have contracted with Mr. Smith but for his claims that he would provide the exact products DLA solicited. The misrepresentations had a natural tendency to influence DLA's decisionmaking and were thus material.

At trial, the government presented numerous PQDRs that include requests from DLA for a replacement or a refund; bids stating that DLA only wanted a specific product that met all specifications and standards in the product description and accompanying drawings; and comparisons of the product that Mr. Smith provided versus the product that DLA solicited. A few examples include:

- Government Exhibit 130: Solicitation issued by DLA stating they only wanted a specific product meeting the specifications laid out in accompanying drawings;
- Government Exhibit 131: Bid submitted by Mr. Smith with a filled-in section where the DLA states the supplies must be in accordance with all specifications/standards/drawings;
- Government Exhibit 132: Contract between Mr. Smith and DLA requiring the contractor to provide a product that meets the exact specifications outlined in the bid;
- Government Exhibit 133: Invoice submitted by Mr. Smith alleging that he provided the exact product required; and

- Government Exhibit 162: PQDR issued by DLA showing that the product they received from Smith & Jamison Corporation is not the product DLA asked for.

A reasonable juror could have found that Mr. Smith's misrepresentations were material because they had a tendency to influence DLA's decision to contract with him.

## **CONCLUSION**

For these reasons, the Court hereby **DENIES** Mr. Smith's Rule 29 motion (ECF 118).

DATE: August 4, 2026

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge